The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR20-092 JCC |
| Plaintiff, | |
| v. | **UNITED STATES' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE [Dkt. 223]** |
| (1) ALAN GOMEZ-MARENTES (aka GUAJAS), | |
| (2) JUAN ANTONIO GONZALEZ-CARRILLO (aka TOTO), | |
| (3) LUIS ARTURO MAGANA-RAMIREZ (aka GUERO), | |
| (4) JOSE ELIAS BARBOSA (aka PRIMO, aka PRIETO), | |
| (5) JOSE DANIEL ESPINOZA (aka APACHE), | |
| (6) ESTEFHANY COREA-MENDOZA (aka SICARIA), | |
| (7) ADRIAN IZAZAGA-MARTINEZ, | |
| (8) JORGE MONDRAGON, | |
| (9) BENJAMIN FUENTES (aka CHANCHAS), | |
| (10) LUIS ZAVALZA-SANCHEZ (aka FLAKO), | |
| (11) ALYSHA JONES (aka MANDY), | |
| (12) ARMANDO FIERRO-PONCE, | |
| (13) AMANDA MEYER, | |
| (14) MICHAEL ANDREW WOOD, | |
| (15) LUIS CASTILLO-BARRAGAN, | |
| (16) EFRAIN LUNA-RODRIGUEZ, | |

UNITED STATES' REPLY IN SUPPORT OF MOTION TO CONTINUE
TRIAL DATE - 1
*United States v. Gomez-Marentes, et al.* / CR20-092 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| (17) | JULIAN PINEDA CASILLAS, |
| (18) | BLANCA MEDINA, |
| (19) | RUTH MELISA GOMEZ-MARENTES, and |
| (20) | ADRIAN SIMS, |

Defendants.

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Amy Jaquette and Marci L. Ellsworth, Assistant United States Attorneys for said District, files this reply in support of its motion to continue the trial date, presently set for September 21, 2020.

On August 25, 2020, defendant Luis Arturo MAGANA-RAMIREZ filed an opposition to the motion (Dkt. 249), and on August 28, 2020, defendant Jose Daniel ESPINOZA joined this opposition (Dkt. 251). The defendants assert their rights under the Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, et seq. (Dkt. 249 at 1), and contend that trial should proceed as scheduled because they are detained and at risk of contracting COVID-19 while incarcerated at the SeaTac Federal Detention Center (FDC SeaTac). (Dkt. 249 at 2.) The government previously set forth case law establishing that a reasonable trial continuance as to *any* defendant tolls the Speedy Trial Act period as to *all* joined co-defendants. It now seeks to file this reply on the narrow issue of COVID-19 at FDC SeaTac.[1]

There is no doubt that a rise in the number of COVID-19 cases in this correctional setting has raised concerns. But the fact that the virus has entered the institution where MAGANA-RAMIREZ and ESPINOZA are housed, standing alone, is not a basis to deny the motion, particularly when neither defendant claims to be at particular risk from COVID-19 and the disease is still circulating in the outside community.

---

[1] As of August 30, 2020, some 31 individuals housed at this institute and 6 staff have tested positive for the virus.

UNITED STATES' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE - 2
*United States v. Gomez-Marentes, et al.* / CR20-092 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Moreover, the institution has taken every measure available to ensure that the virus does not spread more broadly. Since the start of the pandemic, the Bureau of Prisons and FDC SeaTac have made extensive efforts to prevent the spread of disease within the institution, doing their best to adapt to the changing advice on how to manage the risks from this virus. Beginning in March, FDC SeaTac began a process of screening for incoming inmates and regular screening for staff. Contact visits were limited to essential services and attorney, social, and volunteer visits were suspended to ensure that the virus did not enter the facility. BOP also limited inmate movements between facilities and took steps to modify operations to maximize social distancing such as staggering times for meals and recreation. FDC SeaTac has ensured that sufficient cleaning and sanitation supplies are available to both inmates and staff. When it became clear that face coverings would help halt the spread, BOP supplied these items to inmates and staff. The BOP also increased testing, including testing and quarantining inmates entering the facility as well as locking down facilities to halt any spread. These various efforts are summarized in the testimony by the Director of BOP before the Senate Judiciary Committee on June 2, 2020.[2]

In July, as BOP changed its operations to allow more transfers of inmates to designated institutions, FDC SeaTac, along with all other BOP institutions, quarantined all inmates entering the institution and began testing all arriving and departing inmates. Any inmate who tested positive for the virus was immediately placed in isolation along with any inmate who contact tracing revealed had been in close/direct contact with the inmate. Contact tracing has also been performed with respect to any staff member who tests positive for the virus. Any individual who has been in close/direct contact with such a staff member is also isolated and tested. And any inmate who has tested positive receives regular monitoring by the medical staff. While the institution has not been successful in keeping out the virus, it certainly has made every effort to ensure the health and safety of

---

[2] See https://www.bop.gov/resources/news/pdfs/06022020_written_statement.pdf

UNITED STATES' REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE - 3
*United States v. Gomez-Marentes, et al.* / CR20-092 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the inmates in its care. Although privacy reasons prevent institution-wide disclosure of the identities of those testing positive to the virus, those who have been exposed are obviously made aware of that fact when they are placed in isolation and quarantined.

Although not raised as an issue by the defendants, the institution has also made efforts to ensure that defendants have sufficient access to counsel. The defendants can communicate with counsel through telephone calls, video meetings, and can now arrange in-person meetings with defendants in a socially distant manner. Further, through an arrangement with the United States Attorney's Office designed to assist communication with counsel during the pandemic, the defendants can also use the TRULINCS email system for that purpose. To facilitate communication during the pandemic, the government agreed that the prosecution team in the Western District of Washington will only be able to review the email of defendant housed at FDC SeaTac after the email has been screened to ensure no attorney-client communications are revealed.

Faced with the novel and immense challenges that the COVID-19 pandemic has presented, FDC SeaTac has attempted to do everything to both keep inmates safe and to protect the defendants' right of access to counsel. Accordingly, and based on the reasons set forth in the government's original motion to continue, the COVID-19 pandemic does not provide a basis for denial of the motion to continue.

DATED this 1st day of September 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Amy Jaquette*
AMY JAQUETTE
MARCI L. ELLSWORTH

Assistant United States Attorneys
Telephone: (206) 553-4127
E-mail: amy.jaquette@usdoj.gov
marci.ellsworth@usdoj.gov

UNITED STATES' REPLY IN SUPPORT OF MOTION TO CONTINUE
TRIAL DATE - 4
*United States v. Gomez-Marentes, et al.* / CR20-092 JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970