The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN GOMEZ-MARENTES, *et al.*,<br><br>Defendants. | NO. CR20-092-JCC<br><br>**MOTION FOR ENTRY OF A PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY**<br><br>NOTE ON MOTION CALENDAR:<br>July 16, 2021 |

## I.  RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e)(1)(A) for entry of a protective order restraining the following property pending resolution of this case (the "Subject Currency"):

- $1,500 of $9,245 in U.S. currency, seized on July 28, 2020, from the residence of Defendant Ruth Melisa Gomez-Marentes, located in Kent, Washington.

As detailed below, and in the supporting declaration of Drug Enforcement Administration ("DEA") Task Force Officer ("TFO") Luke A. Brandeberry ("Brandeberry Decl."), the Subject Currency constitutes or is traceable to proceeds of *Conspiracy to Distribute Controlled Substances*, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, as charged

Motion for Protective Order to Restrain Forfeitable Property - 1
*United States v. Marentes, et al.*, CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in Count 1. Accordingly, the Subject Currency is forfeitable under 21 U.S.C. § 853, and it should remain in the United States' possession and available for forfeiture until this case is resolved.

## II. RELEVANT PROCEDURAL FACTS

The Subject Currency was seized on or about July 28, 2020 during the execution of a federal search and seizure warrant at the residence of Defendant Ruth Melisa Gomez-Marentes, in Kent, Washington ("the 100th Ave. SE Residence"). *See* MJ20-458 (5) in the U.S. District Court for the Western District of Washington (the "Warrant"); *see also* Brandeberry Decl. ¶ 6. The Court issued the Warrant on the grounds that there was probable cause to believe that the 100th Ave. SE Residence, and others identified in the underlying investigation, contained proceeds and/or facilitating property of drug trafficking and conspiracy to distribute drugs, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)-(C), and 846, among other offenses. *Id.*

Law enforcement located the Subject Currency in the bedroom of Defendant Ruth Gomez-Marentes, as confirmed by third-party resident "R.M.G." *See* Brandeberry Decl., ¶ 7. Law enforcement aggregated the Subject Currency with other currency also located in the bedroom. *Id.* The aggregated currency—which was found in envelopes, shoe boxes, and a purse—totaled $9,245. *Id.*

Defendant Ruth Gomez-Marentes was not present at the 100th Ave. SE Residence during the search. *See* Brandeberry Decl. ¶ 8. Accordingly, law enforcement briefly interviewed R.M.G., who estimated that there was approximately $2,000 in currency located in the bedroom. *Id.* R.M.G. further stated that some of the money was from flooring work, and some of the money was for rent. *Id.* Law enforcement asked R.M.G. how much of the money belonged to Defendant Ruth Gomez-Marentes, and R.M.G. estimated $1,400 in response. *Id.* Law enforcement seized all $9,245 as suspected drug proceeds and informed R.M.G. it was doing so. *Id.*

At the time of the seizure, Defendant Ruth Gomez-Marentes did not appear to have any legitimate income. *See* Brandeberry Decl. ¶ 9. In an interview with law

Motion for Protective Order to Restrain Forfeitable Property - 2
*United States v. Marentes, et al.*, CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enforcement on July 28, 2020, Defendant admitted that her brother, Co-Defendant Alan Gomez-Marentes, had a debit card linked to her Wells Fargo bank account. *Id.* Defendant further admitted that her brother would frequently make cash deposits to her account; that she believed such deposits comprised proceeds from the distribution of controlled substances; and that all cash deposits made to her account were conducted by her brother. *Id.* Over a thirteen-month period, approximately $72,000 in funds passed through Defendant Ruth Gomez-Marentes' account. *Id.* Of those funds, approximately $52,210 were in the form of cash deposits—all of which Defendant admitted represented drug trafficking proceeds. *Id.* The remaining deposits did not follow any discernable pattern, and law enforcement could not identify any regular employment deposits. *Id.*

Indeed, Defendant Ruth Gomez-Marentes was actively involved in the drug trafficking organization ("DTO") under investigation in this criminal case. *See* Brandeberry Decl. ¶ 10. She has participated in both the trafficking and distribution of controlled substances, as well as the laundering of proceeds. *Id*. For example, law enforcement intercepted multiple conversations between Defendant Ruth Gomez-Marentes and her brother, Co-Defendant Alan Gomez-Marentes, between October 25 and October 27, 2019, which indicated the DTO brought into Western Washington a new shipment of liquid methamphetamine concealed within candles. *Id.* Intercepted communications further indicated that Defendant Ruth Gomez-Marentes physically drove the shipment to Washington from California. *Id.* Other intercepted calls between Defendants Alan Gomez-Marentes and Ruth Gomez-Marentes appeared to involve discussions of the nuances of money laundering. *Id.* For example, during an intercepted call on October 28, 2019, Defendant Ruth Gomez-Marentes explained to her brother that she had moved $30,000 from Texas to Washington by using her grandfather to make the deposit. *Id.*

The DEA initiated administrative forfeiture proceedings against the seized $9,245, pursuant to 18 U.S.C. § 983. *See* Brandeberry Decl. ¶ 12. R.M.G. filed a claim (the "Claim") on March 24, 2021—within the claims period of the DEA's administrative

Motion for Protective Order to Restrain Forfeitable Property - 3
*United States v. Marentes, et al.,* CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

forfeiture process—to all $9,245 seized by law enforcement from the 100th Ave. SE Residence. *Id.* In the Claim, R.M.G. stated that the money was taken from R.M.G.'s bedroom; that $7,745.00 of the seized currency belonged to R.M.G. and R.M.G.'s partner ("J.E.M."); and that there was an envelope with Defendant Ruth Gomez-Marentes' name on it containing $1,500, which belonged to the defendant. *See* Brandeberry Decl. ¶ 13. R.M.G. further stated in the administrative claim that R.M.G. was not sure if she could claim the Subject Currency—the $1,500 contained in the envelope belonging to the defendant. *Id.*

R.M.G. attached bank records to the administrative claim purporting to show the legitimate source of the seized currency. *See* Brandeberry Decl. ¶ 14. The records appear to comprise excerpts of bank statements for an account held in the name of J.E.M. and J.E.M.'s business. Those statements further appear to show currency withdrawals totaling approximately $9,900 between June 1 and July 20, 2020. *Id*.

Pursuant to 18 U.S.C. § 983(a)(3)(A) – (C), the United States is required either to file a civil judicial forfeiture action against the Subject Currency, or to pursue its forfeiture in this criminal case, by June 22, 2021. *See also* Brandeberry Decl. ¶ 11. As reflected in the Second Superseding Indictment, Dkt. No. 378, and Forfeiture Bill of Particulars, Dkt. No. 520, the United States seeks to forfeit, among other property, proceeds of the charged conspiracy to distribute controlled substances, including the Subject Currency, and has given notice of this intent. The United States now requests the Subject Currency's continued restraint for that purpose. Currently, the Subject Currency is in the custody of the United States Marshals Service. *See* Brandeberry Decl. ¶ 14.

### III. GOVERNING LAW AND ARGUMENT

The United States requests the Court issue a protective order pursuant to 21 U.S.C. § 853(e)(1)(A) restraining the Subject Currency for the duration of this case. Section 853(e)(1)(A) authorizes the Court to enter orders or to fashion other remedies to preserve the availability of property subject to criminal forfeiture. *See United States v. Monsanto*, 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a restraining

Motion for Protective Order to Restrain Forfeitable Property - 4
*United States v. Marentes, et al.*, CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

order if the United States requests it[.]"). Where there is probable cause to believe the relevant property is forfeitable, the United States is generally allowed to restrain it. *Kaley v. United States,* 571 U.S. 320, 323 (2014), 134 S. Ct. 1090, 1095 (2014) ("[P]retrial asset restraint [is] constitutionally permissible whenever there is probable cause to believe that the property is forfeitable"); *see also Monsanto,* 491 U.S. at 615–16 (recognizing Section 853(e)(1) allows for the pretrial restraint of assets where there is probable cause to believe they are forfeitable, stating "[i]ndeed, it would be odd to conclude that the Government may not restrain property . . . based on a finding of probable cause, when we have held that . . . the Government may restrain *persons* where is a finding of probable cause"). As the Court is aware, "[p]robable cause . . . is not a high bar: it requires only the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Kaley v. United States*, 571 U.S. at 338 (quoting *Florida v. Harris*, 133 S. Ct. 1050 (2013)).

  Here, there is probable cause to believe that the Subject Currency is forfeitable. *See, e.g.*, Brandeberry Decl. ¶¶ 9–11. Defendant Ruth Gomez-Marentes was actively involved in the DTO under investigation in this criminal case, participating in both the trafficking and distribution of controlled substances, as well as the laundering of proceeds. *Id.* ¶ 10. Moreover, the defendant did not have any apparent legitimate income. *Id.* ¶ 9. Instead, the defendant admitted that the vast majority of deposits to her bank account were conducted by her brother, Co-Defendant Alan Gomez-Marentes, and comprised cash proceeds of drug trafficking. *Id.* There is, at a minimum, probable cause that United States currency in which the defendant claims an interest constitutes proceeds of unlawful drug trafficking.

  Not only did drug proceeds make up the vast majority of the funds in the defendant's bank account, but there is also probable cause to believe that fruits of Defendant Gomez-Marentes' drug trafficking and money laundering activities were located at the 100th Ave. SE Residence. *See* Brandeberry Decl. ¶ 6–11. Surveillance and mail cover returns established that Defendant Gomez-Marentes was residing at that

Motion for Protective Order to Restrain Forfeitable Property - 5
*United States v. Marentes, et al.,* CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  location for a period of time before the Subject Currency's seizure. *Id.*, ¶ 6. Additionally,
2  R.M.G. confirmed that the Subject Currency belonged to the defendant and that R.M.G.
3  was therefore unsure whether R.M.G. could claim the Subject Currency. *Id.* ¶¶ 8, 12.
4  There is also evidence that the defendant had used third parties, such as family members,
5  to launder and move illicit drug trafficking proceeds. *Id.* ¶ 10. With such a history, there
6  is probable cause to believe the Subject Currency, seized from the 100th Ave. SE
7  Residence, is forfeitable drug trafficking proceeds, even if it had at one point passed
8  through R.M.G.'s possession or control.

   Based on these and other facts detailed in TFO Brandeberry's Declaration, the United States submits there is probable cause to believe the Subject Currency is subject to forfeiture. To preserve the Subject Currency's availability for forfeiture, the United States respectfully requests that the Court enter a protective order permitting the Subject Currency's continued restraint through the conclusion of this case, to include criminal ancillary forfeiture proceedings. A proposed order is submitted with this motion.

   DATED this 6th day of July, 2021.

   Respectfully submitted,

   TESSA M. GORMAN
   Acting United States Attorney

   *s/ Jehiel I. Baer*
   JEHIEL I. BAER
   Assistant United States Attorney
   700 Stewart Street, Suite 5220
   Seattle, WA 98101-1271
   (206) 553-2242
   Jehiel.Baer@usdoj.gov

Motion for Protective Order to Restrain Forfeitable Property - 6
*United States v. Marentes, et al.,* CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2021, I electronically filed the foregoing Motion for Entry of a Protective Order Regarding Restraining Certain Forfeitable Property with the Clerk of the Court using the CM/ECF system, which automatically serves the parties of record.

        *s/ Donna R. Taylor*
DONNA R. TAYLOR
FSA Paralegal III, Contractor
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2242
Donna.R.Taylor@usdoj.gov

Motion for Protective Order to Restrain Forfeitable Property - 7
*United States v. Marentes, et al.*, CR20-092-JCC

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970