The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALAN GOMEZ-MARENTES, et al.<br><br>Defendants. | NO. CR20-092JCC<br><br>STIPULATED MOTION TO CONTINUE TRIAL AND OTHER DEADLINES<br><br>*Note for Calendar: August 6, 2021* |

### I.      RELIEF REQUESTED.

The United States of America and the undersigned defendants in this matter, by and through their counsel of record, respectfully move the Court to continue the trial date in this matter, and to set a pretrial motion cutoff 90 days prior to that new trial date. Thirteen of the undersigned counsel agree that a continuance to Fall 2022 is appropriate; counsel for Estefhany COREA-MENDOZA (6) and Edgar LUNA-GARCIA (21) agree to

STIPULATED MOTION TO CONTINUE TRIAL - 1
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a continuance to a date on or around April 25, 2022.[1] The United States is amenable to either of the proposed continuance dates. Luis Arturo MAGANA-RAMIREZ (3) does not consent to a continuance. Counsel for Jose Daniel ESPINOZA (5) and Benjamin FUENTES (9) have not yet taken a position on the motion. This is the second motion to continue submitted by the parties.

## II. BACKGROUND.[2]

### A. The Investigation.

As set forth in the prior motion, the current charges stem from a multi-agency investigation involving the Drug Enforcement Administration (DEA), Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and Internal Revenue Service (IRS). They, together with other state and local law enforcement agencies, have been investigating a drug trafficking organization (DTO) operating in King, Pierce, and Kitsap Counties over more than 18 months. During the investigation, agents conducted thousands of hours of physical and electronic surveillance, secured tracking warrants for more than 100 telephones and/or vehicles, and obtained authorization to intercept 21 separate target telephones between September 2019 and June 2020. Agents intercepted thousands of calls and text messages during these authorized periods, with the majority of the intercepted communications occurring in the Spanish language.

The government alleges that the wiretap and surveillance confirmed that these 21 defendants conspired to distribute significant amounts of methamphetamine, heroin, and fentanyl throughout King, Pierce, and Kitsap Counties within the Western District of

---

[1] The Fall 2022 proposal contemplates a date in or after September 2022. Counsel for Alan GOMEZ-MARENTES is not available October 19 through November 21, 2022. Should the Court set a date in April, Government counsel is not available earlier than April 25, 2022.

[2] These facts are submitted to give the court a background of the government's allegations for purposes of deciding whether to grant the continuance. Defendants stipulate that these are the government's allegations, but of course are not admitting, either expressly or impliedly, that any of the allegations are in fact correct.

STIPULATED MOTION TO CONTINUE TRIAL - 2
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Washington and elsewhere. The government has also alleged that the organization used violence to collect on debts.

**B.     Indictments and Arrests.**

On July 23, 2020, the Grand Jury returned an Indictment under seal charging 19 of the defendants named herein with Conspiracy to Distribute Controlled Substances (heroin and methamphetamine), and charging a subset of those same defendants with Possession with Intent to Distribute Controlled Substances, Attempted Possession with Intent to Distribute Controlled Substances, and Conspiracy to Commit Money Laundering. Dkt. 1.

On July 28, 2020, agents executed approximately 33 search warrants in this District and nine search warrants in the Central District of California. The search warrants resulted in the seizure of multiple kilograms of methamphetamine and heroin, lesser amounts of cocaine, thousands of suspected fentanyl-laced imitation oxycodone pills, nine firearms, and nearly $450,000 in cash.

That same day, agents also arrested 12 of the original 19 indicted defendants, and arrested an additional defendant (Adrian Sims) on probable cause.

On August 6, 2020, the Grand Jury returned a Superseding Indictment that amended the conspiracy to include Fentanyl distribution, added defendant Adrian Sims, and included multiple substantive counts related to possession of drugs and firearms. Dkt. 152.

Since then, investigators arrested a number of the outstanding defendants, including some very recently:

- October 1, 2020 – arrest of defendant Jose Elias Barbosa
- October 19, 2020 – arrest of defendant Armando Fierro-Ponce
- January 21, 2021 – arrest of defendant Benjamin Fuentes
- March 8, 2021 – arrest of defendant Edgar Luna-Garcia[3]

---

[3] The Grand Jury originally indicted defendant Luna-Garcia separately. However, on March 31, 2021, the Grand Jury returned a second superseding Indictment in CR20-092 which added Luna-Garcia. (Dkt. 378.)

STIPULATED MOTION TO CONTINUE TRIAL - 3
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- June 10, 2021 – arrest of defendant Michael Wood

Bench warrants are outstanding for three remaining defendants in CR20-092JCC.

Adding further complexity to the case is the fact that, at the time of the July 2020 takedown in CR20-092 JCC, investigators elected to hold off on indicting (or arresting) a subset of the targets of the investigation – specifically, Cesar VALDEZ-SANUDO and his criminal associates. Rather, agents continued to investigate this group of individuals and received court-authorization to conduct additional wiretaps.

On December 9, 2020, the Grand Jury returned an Indictment charging 11 members of this subset of the larger investigation in a separate drug conspiracy. (CR20-217JCC, Dkt. 1.) On December 16, 2020, agents arrested the 11 indicted defendants during a coordinated takedown of the investigation. CR20-217JCC is set for trial on January 31, 2022. Although the government seeks to try these cases separately, much of the discovery overlaps, to include multiple wiretap authorizations and instances of surveillance related to individuals common to both conspiracies.

Trial in CR20-092 is scheduled for October 4, 2021, with a pretrial motions deadline of 60-days before trial (August 4, 2021).

**C.     Current Case Status.**

**1.     Discovery.**

To date, the government has produced more than 158,000 Bates-numbered items in discovery, including the wiretap applications and authorizations; wiretap audio recordings, linesheets, and some transcripts; reports documenting surveillance during the investigation and the takedown; reports documenting controlled buys; search warrant execution reports; photographs of surveillance, interdiction stops, and takedown searches; pertinent criminal histories and post-arrest statements; pen register applications and orders; and numerous tracking and search warrants conducted throughout the case. An external discovery coordinator has been appointed in both CR20-092 and CR20-217 to aid defense counsel.

STIPULATED MOTION TO CONTINUE TRIAL - 4
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Although significant quantities of discovery have been provided, additional discovery is forthcoming. Of particular note, the government intends to make available for inspection a substantial volume of electronic surveillance discovery, consisting of thousands of hours of mounted surveillance camera footage. The government also anticipates producing audio and/or video recordings related to confidential informants, which will likely be accompanied by a request for a Protective Order necessitating that counsel review this discovery with their client's in person, a requirement which will likely take additional time. Drug analysis for the substantial quantities of drugs purchased and/or seized throughout the case is ongoing, and results are being provided to defense counsel on an ongoing basis; many of the drug reports are outstanding. The United States will also need to schedule multiple discovery conference dates with counsel, given both the number of counsel and the number of search warrant sites from which agents seized physical evidence.

### 2. Plea Negotiations.

The government has made plea offers to numerous but not all defendants in case CR 20-092. The government anticipates making further plea offers in the near future and is actively engaged in negotiations with multiple defendants.

### III. DISCUSSION AND AUHORITY.

The parties have again discussed a realistic trial date and motion cutoff date. Counsel for the undersigned defendants agree that the proposed continuance is both necessary and appropriate.

A continuance is both necessary and appropriate. As set forth in the prior motion, this is a complex multi-defendant case which arises out of more than a year-long investigation into the alleged distribution of significant quantities of drugs over a lengthy period of time. The conspiracy spanned multiple states and stretched into Mexico, and involved extensive physical and electronic surveillance. The discovery is voluminous – already consisting of *158,000* files – including thousands of wiretapped phone calls and

STIPULATED MOTION TO CONTINUE TRIAL - 5
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

text messages intercepted over 21 target telephones, not to mention voluminous surveillance reports and photographs, pole camera videos, and scores of photographs documenting the searches authorized for 33 locations.  There is also a considerable volume of physical evidence seized during the many search warrants executed in this case.  Although substantial discovery has been produced, as set forth above, additional discovery is forthcoming to include pole cam videos, information related to controlled buys, forensic cell phone searches, and lab reports pertaining to purchased and seized controlled substances.

An external discovery coordinator has been appointed in this case and the undersigned defense counsel require additional time to review these discovery materials with their clients, explore potential pretrial motions, and otherwise prepare the case for trial.  Notably, there may be substantial pretrial litigation given the number of search warrants and wiretap orders executed in this case.  As the Court noted in its first order continuing the trial date, the COVID-19 pandemic has also impacted "counsel's ability to adequately review discovery and effectively engage in trial preparation" (Dkt. 272). Pandemic restrictions continue to impact defense counsel's ability to meet with their clients and adequately review discovery.  Further, counsel for defendants Luna-Garcia and Wood only recently joined the case.

Lastly, many of the pertinent intercepted calls were in Spanish.  English summaries of the calls were prepared by Spanish-speaking monitors during the wiretap, and have been provided to the defense as part of the Title III linesheets.  However, preparing full transcripts by court-certified interpreters, suitable for use at a trial, will take additional time.

Pursuant to 18 U.S.C. §§ 3161(h)(7)(B)(i), (ii) and (iv), this Court has discretion to order the continuance of the existing trial date, and to exclude the delay from the speedy trial calculation in these circumstances.  The large number of defendants and volume of discovery render the case "complex," as the Court found in the initial continuance Order (Dkt. 272), within the meaning Section 3161(h)(7)(B)(ii), such that it is "unreasonable to

STIPULATED MOTION TO CONTINUE TRIAL - 6
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." Additionally, the failure to grant such a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the information set forth above – and particularly the scope and complexity of the case, the recent entry into the case by some defense counsel, and the volume of discovery at issue (particularly in the Spanish language) – the undersigned parties submit that (i) "the failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice." The ends of justice therefore are served by granting the continuance. The undersigned counsel agree that a continuance is necessary for all of these reasons.

The government anticipates that some defendants may object to a continuance, or to the length of the continuance. Assuming the Court believes a continuance is necessary and appropriate as to some of the defendants, any such objection by the others is without merit. It is well established that in multi-defendant cases, a reasonable trial continuance as to *any* defendant tolls the Speedy Trial Act period as to *all* joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6) ("A reasonable period of delay [is excluded] when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999) ("It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all co-defendants."); *United States v. Daychild*, 357 F.3d 1082, 1090-91 (9th Cir. 2004) (holding that a delay from a grant of trial continuance to one defendant is also excludable time for a joined co-defendant); *United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993) (same).

//

//

STIPULATED MOTION TO CONTINUE TRIAL - 7
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV. CONCLUSION.

For the reasons set forth above, the parties respectfully move the Court to continue trial as to all remaining charged defendants in this matter to one of the dates proposed above, and to set a pretrial motions cutoff 90 days prior to the new trial date. Stipulating defendants will file speedy trial waivers.

Respectfully submitted this 27th day of July, 2021.

TESSA M. GORMAN
Acting United States Attorney

*s/ Amy Jaquette*
AMY JAQUETTE
C. ANDREW COLASURDO

Assistant United States Attorneys
Telephone:   (206) 553-4127
E-mail:  amy.jaquette@usdoj.gov
            andy.colasurdo@usdoj.gov

STIPULATED MOTION TO CONTINUE TRIAL - 8
*U.S. v. Gomez-Marentes, et al.,* CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

SO STIPULATED this 27th day of July 2021 (via email or phone authorization).

/s/ Bob Goldsmith
DEFENSE COUNSEL
Attorney for Alan GOMEZ-MARENTES (1)

/s/ Michele Shaw
DEFENSE COUNSEL
Attorney for Jose Elias BARBOSA (4)

/s/ Paula Olson
DEFENSE COUNSEL
Attorney for Estefhany COREA-MENDOZA (6)

/s/ Phil Brennan
DEFENSE COUNSEL
Attorney for Adrian IZAZAGA-MARTINEZ (7)

/s/ Thomas Coe
DEFENSE COUNSEL
Attorney for Jorge MONDRAGON (8)

/s/ Brent Hart
DEFENSE COUNSEL
Attorney for Luis ZAVALZA-SANCHEZ (10)

/s/ Cathy Gormley
DEFENSE COUNSEL
Attorney for Armando FIERRO-PONCE (12)

/s/ Tim Askerov
DEFENSE COUNSEL
Attorney for Amanda MEYER (13)

/s/ Jeffrey L. Kradel
DEFENSE COUNSEL
Attorney for Michael WOOD (14)

/s/ James Feldman
DEFENSE COUNSEL
Attorney for Luis CASTILLO-BARRAGAN (15)

/s/ Robert Gombiner
DEFENSE COUNSEL
Attorney for Efrain LUNA-RODRIGUEZ (16)

/s/ Nicholas Marchi
DEFENSE COUNSEL
Attorney for Blanca MEDINA (18)

/s/ Peter Camiel
DEFENSE COUNSEL
Attorney for Ruth GOMEZ-MARENTES (19)

/s/ Tom Weaver
DEFENSE COUNSEL
Attorney for Edgar LUNA-GARCIA (21)

/s/ Lisa Mulligan
DEFENSE COUNSEL
Attorney for Adrian SIMS (20)

STIPULATED MOTION TO CONTINUE TRIAL - 9
U.S. v. Gomez-Marentes, et al., CR20-092JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970