THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALAN GOMEZ-MARENTES, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. CR20-0092-JCC<br><br>ORDER |

　　　This matter comes before the Court on the parties' partially stipulated motion to continue trial (Dkt. No. 530).[1] Collectively, Defendants are charged by Second Superseding Indictment with multiple counts of conspiracy to distribute controlled substances and related crimes. (*See* Dkt. No. 378.) Trial is scheduled for October 4, 2021. (*See, e.g.*, Dkt. Nos. 490, 508.) This is a complex case involving twenty-one charged defendants. (*See* Dkt. No. 530 at 1.) The charges are the result of a multi-agency investigation. (*Id.*) Production to date is voluminous. It includes more than 158,000 items, including wiretap information, surveillance photos, and interdictions stops. (*Id.* at 4.) More is forthcoming. (*Id.* at 5.) As a result, the Court previously appointed a

---

[1] Defendants Estefhany Corea-Mendoza and Edgar Luna-Garcia seek a continuance to a date on or around April 25, 2022; Defendant Luis Arturo Magana-Ramirez does not agree to a continuance at all; and Defendant Benjamin Fuentes has not taken a position. (*See* Dkt. Nos. 530 at 1–2; 541 at 1.) All remaining Defendants who have appeared seek a continuance to sometime in the Fall 2022.

ORDER
CR20-0092-JCC
PAGE - 1

discovery coordinator in this case. (*See* Dkt. No. 271.) The parties indicate that additional time is needed to review production, investigate the matter, and prepare for trial. (*Id.* at 6–7.)

Having thoroughly considered the motion and the relevant record, the Court FINDS that the ends of justice served by granting a continuance outweigh the best interests of Defendants and the public to a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Taking into account the exercise of due diligence, the failure to grant a continuance would deny counsel for Defendants reasonable time necessary for effective preparation, *see* 18 U.S.C. § 3161(h)(7)(B)(iv), and would therefore result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i). This is particularly true here, given the complexity of the investigation and resulting case. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Moreover, the Court notes that a reasonable trial continuance as to any defendant tolls the Speedy Trial Act period as to all joined co-defendants, even those who object to a trial continuance or who refuse to submit a waiver under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6); *United States v. Messer*, 197 F.3d 330, 337 (9th Cir. 1999).

Accordingly, the Court GRANTS the parties' motion (Dkt. No. 530) and ORDERS:

1. The October 4 2021 jury trial is CONTINUED until May 2, 2022.
2. The pretrial motions deadline is CONTINUED until February 4, 2022.
3. The period from the date of this order until May 2, 2022 is an excludable time period under 18 U.S.C. § 3161(h)(7)(A).

DATED this 6th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE